[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
The parties intermarried on February 8, 1958 at New York, New York. The plaintiff has been a Connecticut resident for thirty three years. There are four children issue of this marriage, all of whom have reached their majorities. The evidence indicated that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff, age 56, is a high school graduate and despite a physical limitation apparently enjoys good health. She has acted both as a homemaker, raising her children, and as an owner of several business ventures during this marriage.
The defendant, age 62, practiced as a certified public accountant until he decided to retire at age 56. He currently resides in Florida. Although he indicates some health problems, he is active and appears to enjoy his current life style.
Both parties impressed the court as being intelligent, reasonable and candid. Neither expressed acrimony towards the other, and neither blamed the other for the failure of their relationship. Both stipulated that the marriage has irretrievably broken down and left it at that. It is regrettable that this long marriage must terminate at this stage of the parties' lives.
The court has carefully considered the criteria set forth in Connecticut General Statutes Sections 46b-62, 46b-82 in reaching the decisions reflected in the orders that follow.
The court finds that the assets of the parties have the following current values:
 1. Marital Residence — net after payment of mortgages and closing costs $489,000 CT Page 4748
2. South Carolina Lot $ 77,000
3. 3 Rivers Associates — Investment partnership $124,500
4. IRA — Lafayette bank Trust Co. $150,100
 5. Securities — net after reduction for margin loans $236,700
6. Sterling Ocean House Receivable $ 41,000
 7. Receivable due from Michael Walter 0.00 amount due $50,000 ------------- Total $1,118,300.00 =============
The following orders may enter:
1. The plaintiff shall retain all the net proceeds from the sale of the marital residence. She shall indemnify and hold the defendant harmless against the Merrill Lynch and Fleet Bank mortgages. At the time of closing of sale, the plaintiff shall repay the defendant the $5,000 loan previously made during the pendency of this dissolution action.
2. In accordance with the stipulation of the parties, the court orders the defendant to prepare all tax returns in behalf of the plaintiff that report the sale of the residence, and the defendant shall sign the return as the tax preparer. If it is determined that capital gains taxes are due, each party shall pay one-half of said tax, and if there are any interest and penalties due, the defendant shall be solely responsible for the payment of those charges. The court reserves jurisdiction over the implementation of this order.
3. The plaintiff is awarded the Sterling House receivable and her 1990 Honda Civic automobile.
4. The defendant shall cause the transfer to the plaintiff as an assignment of property the sum of $75,000 from his IRA account at the Lafayette Bank and Trust Co., to an IRA account established or to be established by the plaintiff.
5. The plaintiff shall be responsible for the payment of the CT Page 4749 household bills, credit card charges and medical expenses listed on her financial affidavit dated April 26, 1994.
6. The defendant is awarded his checking account, the vacant lot in Hilton Head, South Carolina, the remainder of the IRA account at the Lafayette Bank and Trust Co.; his entire interest in 3 Rivers Associates; all the securities listed on his financial affidavit dated April 26, 1994; his 1979 Mercedes and his 1987 Dodge Van.
7. the defendant is awarded his receivable from Michael Walter. If the defendant receives any payments through his own actions or by payments voluntarily made by the debtor, the defendant shall share the proceeds equally with the plaintiff.
8. The defendant shall pay to the plaintiff as periodic alimony the sum of $1 per year. This obligation shall continue until the death of either party or the plaintiff's remarriage, whichever event first occurs. Although it is unlikely that the defendant will be required to pay anything above this nominal order because of his age and retirement status, the court finds that the plaintiff is entitled to the protection this order affords her. This conclusion is based on the defendant's superior educational background which affords him vocational opportunities greater than the plaintiff, and the plaintiff's physical limitations.
9. The defendant shall be responsible for the payment of all the debts listed on his financial affidavit dated April 26, 1994, with the exception of the two mortgages.
10. The defendant shall pay the Texaco credit card bill sent to the plaintiff in the amount of $454.00.
11. The plaintiff shall be entitled to continue on the defendant's medical insurance policy at her sole cost and expenses, to the extent allowed under COBRA.
12. The defendant shall maintain at his sole cost and expense $100,000. of life insurance and maintain the plaintiff as beneficiary as long as he obtains this benefit under the terms of his severance agreement with his former business partner.
13. Each party shall be responsible for his or her own attorney's fees. CT Page 4750
14. Each party shall divide by agreement any other personal property not covered in this memorandum. The court reserves jurisdiction in the event of any disagreement.
Judgment may enter accordingly.
NOVACK, J.